Robert F. Dempsey, J.
On January 27,1972 petitioner herein initiated a proceeding under the “ Taylor Law ” (Civil Service Law, § 200 et seq.) before respondent board charging the Port Chester Teachers Association with engaging in an illegal strike between January 18, 1972 and January 24, 1972. On March 19, 1973 the respondent board rendered its written decision/order. Petitioner thereafter commenced this article 78 proceeding to review that determination. Respondent board moved to dismiss on substantive and procedural grounds. These latter contentions will be resolved preliminarily. Prior to the adjourned return date of this proceeding the petitioner served a copy of the papers upon the Attorney-G-eneral; the court by interim decision/order dated May 24,1973, directed service of all papers *742 upon the Port Chester Teachers Association. These papers were served and the association, by affidavit alone, joins in the motion to dismiss on procedural grounds. The court finds that all necessary parties have been timely joined in this proceeding and that petitioner has “standing” (CPLR 2004). Accordingly, the court turns to the motion to dismiss as a matter of law.
The Public Employees’ Fair Employment Act was enacted by section 2 of chapter 392 of the Laws of 1967 effective September 1, 1967 (except § 205, effective April 21, 1967) (Civil Service Law, art. 14, § 200 et seq.) This article established the respondent board and detailed alternative rights and remedies of public employers and employees.
Section 751 of the Judiciary Law, which was amended by section 3 of chapter 392 of the Laws of 1967, authorized judicial punishment of an order of the court involving a violation of the ‘ ‘ Taylor Law ” as a criminal contempt. Subdivision 2 (par. [a], cl. [ii]) provides that in the imposition of a fine, the court may consider whether ‘ ‘ the appropriate public employer or its representatives engaged in such acts of extreme provocation as to detract from the responsibility of the employee organization for the strike ”. A separate proceeding was brought to punish the Teachers Association for contempt for violation of court orders dated January 11, 1972 and January 18,1972 with respect to the strike in question. By decision dated September 28, 1972 (Gbady, J.) the association was held in contempt and fined $4,000. The court therein found ‘ ‘ no provocation ” under section 751 (subd. 2, par. [a], el. [ii]).
The proceeding conducted by PERB and challenged herein, is authorized under subdivision 3 of section 210 of the Civil Service Law. When the board determines that there has been an illegal strike under subdivision 1 of section 210 it may impose forfeitures of rights of membership dues deduction (“checkoffs”) granted to certified employee organizations under section 208 (subd. 1, par. [b]) of the Civil Service Law. The board has discretion as to the duration of the forfeiture it may impose; one factor which the board may consider is whether the public employer engaged in “ acts of extreme provocation”. (Civil Service Law, § 210, sulbd. 3, par. [f], cl. [ii]). Petitioners contend that the. factual finding by Judge Gbady is res judicata- and that the board’s decision is arbitrary and capricious in that it is not ‘1 in accordance with the facts as already found by [the] Court”. Petitioner adds a claim *743 of “collateral estoppel” by its attorney’s reply affirmation. The court rejects this legal assertion.
Although the language relating to “provocation” by the employer is almost identical in the two statutes (Judiciary Law, § 751.; Civil Service Law, § 210) the proceedings are by enactment of the State Legislature separate and distinct; the former is presented for determination by the Supreme Court; the latter is an administrative proceeding delegated specifically to PERB.
The motion to dismiss is granted.